IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,672-01 and WR-63,672-02






EX PARTE SUZANNE MARGARET BASSO








ON APPLICATION FOR WRIT OF HABEAS CORPUS AND 

SUGGESTION TO RECONSIDER INITIAL WRIT APPLICATION

CAUSE NOS. 0816855-A AND B IN THE 232ND DISTRICT COURT

HARRIS COUNTY





 Per Curiam. 



O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5 and a suggestion that
the Court reconsider on its own initiative certain claims raised in applicant's initial writ
application. (1)

 In August 1999, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted under Article 37.071, and the trial court,
accordingly, set punishment at death. This Court affirmed applicant's conviction and
sentence on direct appeal. Basso v. State, No. AP-73,672 (Tex. Crim. App. Jan. 15,
2003)(not designated for publication).

 Applicant filed her initial post-conviction application for writ of habeas corpus in
the convicting court on September 12, 2001. This Court denied relief. Ex parte Basso,
No. WR-63,672-01 (Tex. Crim. App. Sept. 20, 2006)(not designated for publication). 
Applicant filed this her first subsequent application for writ of habeas corpus in the trial
court on January 27, 2014. 

 In her subsequent writ application, applicant asserts that her death sentence
violates the Eighth Amendment because a witness presented unreliable testimony, defense
counsel failed to investigate and present mitigating evidence, and Article 46.05 is
unconstitutional. We have reviewed applicant's claims and find that they fail to meet the
dictates of Article 11.071 § 5. Accordingly, we dismiss the application as an abuse of the
writ without considering the merits of the claims. Likewise, we have reviewed
applicant's suggestion that we reconsider on our own motion certain claims raised in her
initial writ application. We decline to do so. Applicant's motion to stay her execution is
denied to the extent it pertains to these pleadings.

 IT IS SO ORDERED THIS THE 3rd DAY OF FEBRUARY, 2014.


Do Not Publish
1. Unless otherwise indicated, all references to Articles are to the Texas Code of Criminal
Procedure.